# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-442-JPG |
| | ) |
| McCANN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner, currently incarcerated in the Stateville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Also before the Court is Petitioner's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2) and his motion for appointment of counsel (Doc. 3).

Based on the financial information submitted with his motion to proceed *in forma pauperis*, the motion to proceed *in forma pauperis* should be granted. Petitioner's motion for appointment of counsel will be denied, without prejudice to Petitioner seeking appointment of counsel at a later time in this case.

While civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under § 2254. Appointment of counsel for a habeas petitioner is within the district court's discretion and is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of*

*McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Petitioner has attempted to obtain counsel or been effectively precluded from doing so.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Petitioner's claims are not that factually complex. Essentially, Petitioner claims that his plea was not knowingly and voluntarily made and that his attorney provided ineffective assistance of counsel due to a conflict of interest. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on Petitioner's pleadings in this case, the Court concludes that - at this time - Petitioner appears to be competent to litigate his case. Therefore, Petitioner's motion for the appointment of counsel will be **DENIED**, without prejudice.

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (Doc. 3) is **DENIED,** without prejudice.

**IT IS FURTHER ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**Dated: July 9, 2009.**

       **s/ J. Phil Gilbert**
       **U. S. District Judge**