IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TIMOTHY JONES**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | Civil No. 3:08-442-JPG-CJP |
| | ) | |
| **TERRY McCANN**, | ) | |
| | ) | |
| Respondent, | ) | |

# REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Petitioner Timothy Jones is currently in the custody of the Illinois Department of Corrections, housed at Stateville Correctional Center, where respondent Terry McCann is the warden. Jones has filed a pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction. **(Doc. 1).**

In May 2003, Jones was charged by information with predatory criminal sexual assault. It was alleged that petitioner Jones committed the act of placing his penis in the mouth of his paramour's eight-year-old daughter. **(Doc. 22-9, p. 8).** On April 17, 2003, the victim, who was in counseling for having been sexually abused by her older brother, told her counselor that the petitioner had asked her to show him what her brother had done to her and then he placed his penis in her mouth. The petitioner initially denied the allegations, but later admitted to the polygraph examiner that he had committed the act. He repeated his admission to the state police investigator and to the victim's mother. **(Doc. 22-9, p. 9).**

On May 29, 2003, he was advised at his arraignment that the sentencing range for the crime with which he was charged was six to 30 years imprisonment. On October 28, 2003, petitioner Jones, represented by retained counsel, Herbert J. Lantz, Jr., pleaded guilty pursuant to a plea agreement. In exchange for the guilty plea, the state agreed to a sentencing cap of eight years incarceration, with the understanding that the minimum sentence possible was six years in prison. **(Doc. 22-9, p. 8).** Circuit Judge Jerry D. Flynn, of the Twentieth Circuit, Randolph County, Illinois, sentenced petitioner to 90 months imprisonment (7.5 years) with three years supervised release. **(Doc. 22-9, p. 9).** The conviction and sentence were upheld by the Illinois Appellate Court. **(Doc. 22-9, p. 19).** The Supreme Court of Illinois denied Jones' petition for leave to appeal. **(Doc. 22-7).** Petitioner Jones now argues:

1. His plea was not knowing and voluntary because it was made without his having been admonished by the court that(a) he had a right to persist in his plea of not guilty, and (b) that the maximum sentence that he could receive for a Class X felony was 30 years in prison.

2. His counsel was working under a conflict of interest when petitioner failed to pay his attorney's fees, which led counsel to advise him to take the plea agreement.

3. His counsel provided ineffective assistance of counsel when he advised him to take the plea agreement.

**(Doc. 1).**

Respondent counters:

1. Petitioner's claims are meritless given the state court's unchallenged factual findings and the constraints of 28 U.S.C. § 2254(d)(1).

    a. The state court's determination that petitioner's plea was knowing and voluntary was reasonable.

    b. The state court's determination that plea counsel provided effective assistance was reasonable.

        1. The state court reasonably determined that petitioner failed to demonstrate that an actual conflict of interest had an adverse effect on the proceedings.

        2. The state court reasonably determined that petitioner failed to establish deficient performance and prejudice.

**(Doc. 22-9).**

## The Standard of Review

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d)(1), habeas relief may be granted if the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States(.)" In *Williams v. Taylor*, 529 U.S. 362, 405, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court explained that a state court decision is "contrary to" Supreme Court precedent if the "state court arrives at a conclusion opposite to that reached by (the Supreme Court) on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. An unreasonable application of Supreme Court precedent occurs when "the state court unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle ... to a new context where it should apply." To be unreasonable, the decision of the state court must not be simply incorrect or erroneous, it must have been "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

**Johnson v. Bett, 349 F.3d 1030, 1034 (7th Cir. 2003).**

## Analysis

The respondent does not bring up the procedural prerequisites of exhaustion and procedural default; therefore, petitioner is deemed to have satisfied the exhaustion requirement.

Petitioner Jones does not present clear and convincing evidence challenging the statement of facts as set forth in the Illinois Appellate Court's opinion affirming the judgment of the Circuit Court of Randolph County, and thus the Court presumes those

3

facts are correct for purposes of its habeas review. *See* **28 U.S.C. § 2254(e)(1);** *see also* ***Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007).** Therefore, this Court adopts the underlying facts as set forth by the Illinois Appellate Court, Fifth Judicial District. **(Doc. 22-9, pp. 8-11).**

### 1. <u>Admonishments</u>

Petitioner argues that his plea was not knowing and voluntary because it was made without his having been admonished by the court that he had a right to persist in his plea of not guilty or that the consequences of his guilty plea would be prison time.

A guilty plea must be knowing and voluntary. ***Parke v. Riley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992).** The defendant must possess an understanding of the "law in relation to the facts." ***McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).** The test utilized to determine the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternate courses of action. ***North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)**. Because pleading guilty entails the waiver of several federal constitutional rights, such as the right to a jury trial and the right to confront accusers, the record must show that the plea was made without coercion, with an adequate knowledge of what the plea encompasses, and with intelligence in order to understand the repercussions. ***Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969);** ***Brady v. United States,* 397 U.S. 742, 748-50, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).**

This Court finds no support in law or fact for petitioner's argument that his plea was involuntary and unknowing because it was made without his having been

4

admonished by the court that he had a right to persist in his plea of not guilty or that the sentence would be imprisonment for possibly as long as 30 years.

The state appellate court found that the record was sufficient to confirm that the petitioner was aware that he had a right to reject the proffered negotiated plea and to persist in his plea of not guilty. He was informed at the arraignment that he was presumed innocent and he had a right to a jury trial. **(Doc. 22-9, p. 13).** At that time, the trial court advised the petitioner that the sentence range for a Class X felony is imprisonment from 6 to 30 years. **(Doc. 22-9, p. 14).** Petitioner had an extensive criminal history, having been prosecuted nine times and having pleaded guilty five times prior to this case. This shows his familiarity with the guilty plea process and the rights he was giving up by accepting the negotiated plea. **(Doc. 22-9, p. 13).** And, at the time the petitioner entered his plea, he was again advised that his minimum sentence would be six years imprisonment; therefore, there was no way that he could have thought that probation was an option. Although petitioner was informed the maximum term of imprisonment was 8 years, petitioner was ultimately sentenced to only 7.5 years imprisonment. **(Doc. 22-9, p. 9).** Based on these facts, it is clear that the state court's determination that petitioner knowingly pleaded guilty and was not prejudiced was reasonable.

Next, the state appellate court found that petitioner freely and voluntarily chose to take the very favorable deal that his counsel had negotiated with the state. The record indicates that "the defendant averred that he understood what was transpiring, that he did not need any more time to confer with counsel, that he was certain that he wanted to

5

plead guilty, and that his plea was not the product of coercion." **(Doc. 22-9, p. 8).** Based on these facts, the state appellate court determined that petitioner knowingly and voluntarily pleaded guilty.

Petitioner had notice of the charges, he entered his plea fully aware of what the plea meant and of its consequences, and his sentence was within the announced range. The decision of the state appellate court is objectively reasonable and not contrary to, nor an unreasonable application of, clearly established federal law.

## 2. Defense Counsel's Representation

The petitioner argues that his plea was the result of ineffective assistance of counsel because his failure to pay his attorney's fees created a conflict of interest for his counsel. He believes that counsel gave him advice to accept the state's plea agreement and falsely informed him that a plea would result in probation in order to try to cut the attorney's financial losses by terminating their relationship as quickly as possible.

Petitioner is required to show either that counsel had a conflict of interest that adversely affected his performance or that counsel's assistance was so defective that counsel did not act as "counsel" guaranteed by the Sixth Amendment. ***Mickens v. Taylor*, 535 U.S. 162, 173 (2002).**

### A. Conflict Claims

When representing a criminal defendant, counsel owes the client a duty of loyalty and, therefore, a duty to avoid conflicts of interest. ***Strickland v. Washington*, 466 U.S. 668, 88 (1984).** An actual conflict of interest exists when the attorney was required to make a choice advancing his own interests to the detriment of his client's interests. ***U.S.***

6

*v. Pergler*, **233 F.3d 1005, 1009 (2000)**. Petitioner believes that failure to pay his attorney's fees led to an actual conflict of interest that led counsel to recommend that petitioner take the plea agreement and that the plea agreement would lead to a sentence of only probation. He claims that counsel's advice that he accept the state's plea agreement was motivated by counsel's desire to cut his financial losses by terminating their relationship as quickly as possible.

This Court finds that the petitioner's assertion that failure to pay his attorney's fees led to a conflict of interest is not supported by the law or facts. The state appellate court found that an *actual* conflict did not exist. **(Doc. 22-9 p. 17).** The record shows that counsel was not motivated by pecuniary considerations to rush petitioner into pleading guilty. Counsel had received $1,100 toward the $5,000 agreed upon fee. **(Doc. 22-9, p. 10).** Moreover, counsel testified at the hearing on the defendant's motion to withdraw his plea that he "would have continued to represent the (defendant) to the best of (his) ability" had his motion to withdraw as counsel been heard and denied by the court. **(Doc. 22-9 p. 17).**

It is clear that the alleged conflict did not result in an adverse affect on counsel's performance. The state court determined that counsel's advice that petitioner accept the plea agreement was sensible, as the evidence against the petitioner was very strong. The state court rejected petitioner's testimony that counsel promised him his sentence would only be probation and there is no other evidence that counsel mislead petitioner as alleged. **(Doc. 22-9 pp.11).** The evidence simply does not support petitioner's assertion of an actual conflict.

## B. Performance Claims

The Sixth Amendment provides that a criminal defendant shall have the right to counsel. A defendant claiming a violation of the Sixth Amendment must meet the test in **Strickland v. Washington**, 466 U.S. at 680. Under the two-prong approach of *Strickland*, petitioner must prove: 1) counsel's performance fell below an objective standard of reasonableness, and 2) the attorney's substandard performance prejudiced the petitioner, creating a reasonable probability that, but for counsel's errors, the proceeding would have been different. *Id.* **at 687.**

The first prong of the *Strickland* test requires a showing that counsel made errors so serious that counsel was not functioning as guaranteed (petitioner) by the Sixth Amendment of the United States Constitution. *Id.* There is no such showing here.

In the instant case, the state court determined that counsel's advice that petitioner accept the plea agreement was sensible as the evidence against the petitioner was very strong. (**Doc. 22-9 p. 17**). Also, the state court rejected petitioner's testimony that counsel promised him his sentence would only be probation. There is no other evidence that counsel promised petitioner this besides his testimony, and the state court rejected that.

The second prong of the *Strickland* test requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. **Strickland, 466 U.S. at 687.** To prevail on a challenge to a guilty plea based on ineffective assistance of counsel, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Hill v.**

*Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). There is no such showing here.

Again, there is no evidence in the record to support petitioner's claim that his counsel made him plead guilty, or that he was prejudiced by counsel's motion to withdraw. The state appellate court found that counsel negotiated the plea agreement at the petitioner's request and it was a very reasonable plea agreement based on the evidence in the case and the statutory sentencing range. **(Doc. 22-9 p. 17).**

Therefore, it was not unreasonable for the state court to rule that there was no conflict of interest that caused ineffective assistance of counsel.

## Recommendation

For the aforestated reasons, it is the recommendation of this Court that petitioner Timothy Jones' petition for writ of habeas corpus **(Doc. 1)** be denied in all respects, thereby leaving his conviction and sentence undisturbed.

**DATED: August 11, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before August 28, 2009. No extensions will be granted.